■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARENZO SMITH, Appellant. [877 NYS2d 893]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered July 19, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant's guilt was established by the testimony of the drug purchaser and an observing officer, as well as surveillance videotapes.

The trial court properly exercised its discretion in admitting into evidence a surveillance videotape depicting defendant about three hours prior to the drug sale, not engaging in any criminal activity (see generally *People v Scarola*, 71 NY2d 769, 777 [1988]). This segment showed defendant's face, clothing, body type and mannerisms. As such, it was highly relevant in identifying defendant as the drug seller, since, in the later tape of the drug sale itself, the seller's back was to the camera but the other characteristics were the same. Thus, the two tapes, taken together, warranted the inference that defendant was the person depicted in both.

Defendant's remaining evidentiary claims and his challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Andrias, J.P., Friedman, Buckley, Acosta and DeGrasse, JJ.